## Arthur Frothingham, Plff. in Err., *v.* Laflin & Rand Powder Co.

Where the substance and general tenor of the charge are correct, the omission of the court to charge more fully on the evidence, if no specific instructions were asked for, does not necessarily constitute sufficient cause for reversing the judgment.

(Decided March 8, 1886.)

Error to the Common Pleas of Lackawanna County to review a judgment for plaintiff in an action of assumpsit. Affirmed.

This suit was brought by the Laflin & Rand Powder Company against Arthur Frothingham to recover the amount of a bill

---

Note.—Omission to charge upon the evidence is not error unless the court has been specifically requested so to do (Light v. Harrisburg & M. Electric R. Co. 4 Pa. Super. Ct. 427, 40 W. N. C. 352; Earle v. Arbogast,

for powder, which the plaintiff claims to have sold and delivered to the defendant beginning in October, 1882, and terminating in January, 1883. The account covered four shipments of powder; the first shipment was 100 kegs; the second, 100 kegs; the third, 100 kegs; and the last, 10 kegs; amounting in all to 310 kegs of powder, for which the plaintiff claimed to recover, at the price of $2.90 per keg, less 10 per cent per keg commission and freight from Buffalo, where the powder was manufactured, to Nicholson Tunnel.

The defendant alleged that the price was not $2.90, but that it was $1.90.

After the charge of the court, the jury returned a verdict for plaintiff for $847.39, and from a judgment entered thereon defendant appealed.

*S. B. Price,* for plaintiff in error.—If a judge in his charge to the jury review only those facts which have a tendency to establish one side of the case, and it is calculated to mislead the jury, the judgment will be reversed. Parker v. Donaldson, 6 Watts & S. 132; Reese v. Reese, 90 Pa. 89, 35 Am. Rep. 634; Washington Mut. F. Ins. Co. v. Rosenberger, 3 W. N. C. 16.

If a court grounds the instructions to the jury upon facts which are only favorable to the plaintiff, and omits those which support the defense, there is just cause for complaint. Heilbruner v. Wayte, 51 Pa. 259; Brown v. Finney, 53 Pa. 373.

It is error to confine the attention of the jury to one view of the case, when there is more than one which they should consider. Garrett v. Gonter, 42 Pa. 143, 82 Am. Dec. 498; Harrisburg Bank v. Forster, 8 Watts, 304.

180 Pa. 409, 36 Atl. 923; Brinser v. Longnecker, 169 Pa. 51, 32 Atl. 60; Schmidt v. McGill, 120 Pa. 405, 6 Am. St. Rep. 713, 14 Atl. 383); or unless the party has been prejudiced. Heilbruner v. Wayte, 51 Pa. 259; Bentley v. Cranmer, 137 Pa. 244, 20 Atl. 709. But it has been said to be the duty to fully charge upon the evidence in homicide cases, though not specially requested. Meyers v. Com. 83 Pa. 131. In any case the court should instruct the jury as to the weight of the testimony offered. Hess v. Williamsport & N. B. R. Co. 181 Pa. 492, 35 Atl. 114; Richards v. Willard, 176 Pa. 181, 37 Atl. 568. The attention of the court should be called to the alleged omissions before the jury retires. Com. v. Zappe, 153 Pa. 498, 26 Atl. 16.

If the court, in the charge to the jury, comments on the evidence, it is but right to bring every point which bears upon it. to their notice, so that they may not be misled. Nieman v. Ward, 1 Watts & S. 68; Relf v. Rapp, 3 Watts & S. 27, 37 Am. Dec. 528.

The charge should be consistent in all its parts, and should not withdraw from the consideration of the jury any facts. from which they should draw their own conclusions. Work v. Maclay, 2 Serg. & R. 415; Hershey v. Hershey, 8 Serg. & R. 333; Huston v. Barstow, 19 Pa. 169; Hart v. Girard, 56 Pa. 23.

A contract may be proved by circumstances, as well as by direct proof. Bassler v. Niesly, 2 Serg. & R. 352.

A contract may be made although the price of the subject-matter is not fixed. It may rest upon the value, or upon some contingent arrangement. Kidder v. Susquehanna Boom Co. 24 Pa. 196.

All negotiation which results in a contract is evidence, and should be submitted to the jury. If any evidence of material facts stated during such negotiation is excluded, it is error. Mildren v. Pennsylvania Steel Co. 90 Pa. 317.

*Ranck & Smith* for defendant in error.

PER CURIAM:

The price per keg to be paid for the powder was a question of fact. The evidence was conflicting. The substance and general tenor of the charge are correct. In the absence of any specific instructions being asked for, the omission to charge more fully on the evidence constitutes no sufficient cause for reversing this judgment.

Judgment affirmed.